IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN C. CALDERON,

        Plaintiff,        1: 07 CV 1719 LJO AWI WMW PC

        vs.        ORDER RE MOTION (DOC 25)

JEANNE WOODFORD, et al.,

        Defendants.

      Plaintiff seeks reconsideration of the Magistrate Judge's order denying Plaintiff's motion for the appointment of counsel. There is no constitutional right to counsel in a civil case. Lassiter v. Dep't. of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. § 296, 310 (1989). The court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circmustances," the determination of which requires an evauation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues invovled. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.

1998)(en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's primary basis for requesting counsel is that, in his view, this case is complex. The court finds that, though difficult for a pro se prisoner to litigate, this case is not complex. Applying the factors the court can consider, the Magistrate Judge did not commit clear error in denying the appointment of counsel. Plaintiff has offered no persuasive argument to meet the requirement that there is a likelihood of success. The operative pleading has been dismissed and Plaintiff has yet to file an amended pleading. The likelihood of success on the merits is not extremely high. Plaintiff has also not shown that the legal issues in this case are so complex that Plaintiff's ability to articulate his claims so low that counsel is needed. Plaintiff is correct that he, like most pro se litigants, would be served with the assistance of counsel. However, because most pro se litigants would be assisted by counsel, the court can only appoint counsel if the Plaintiff shows that "because of the complexity of the claims he was unable to articulate his positions." Rand, 113 F.3d at 1525. There is no such showing in this case.

Plaintiff has failed to make a showing that statutory grounds exist that entitle Plaintiff to reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel. The Magistrate Judge's order was not clear error. Further, Plaintiff has cited no new facts, new law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to reconsideration. See Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 72-303; Local Rule 78-230(k). As such, Plaintiff is not entitled to reconsideration.

IT IS SO ORDERED.

**Dated:   September 8, 2008**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE