# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. CALDERON,<br><br>          Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01719-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF MOTION<br><br>(Doc. 51)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Juan C. Calderon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Motion for Preliminary Injunctions; New Motions for the Preliminary Injunctions" filed on June 22, 2009. (Doc. #51.) Plaintiff requests to "be removed from [s]tate [c]ustody and transferred to a federal prison or to a Mexican prison where he would be safe." (Mot. for Prelim. Inj.; New Mot. for the Prelim. Inj. 2:13-15.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
2  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
3  Id.

4  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
5  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
6  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
8  1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
9  no power to hear the matter in question. Id. "A federal court may issue an injunction if it has
10 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not
11 attempt to determine the rights of persons not before the court." Zepeda v. United States
12 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

13 The court dismissed Plaintiff's Second Amended Complaint, with leave to amend, for failure
14 to state any claims upon which relief may be granted under section 1983. Thus, at this point in time,
15 there is no case or controversy before the court, and the court has no jurisdiction to issue any
16 preliminary injunctions. Until and unless the court finds that plaintiff has stated cognizable claims
17 for relief under section 1983 and the defendants against whom the claims are stated have been served
18 and made an appearance in this action, the court will not have jurisdiction to issue any orders
19 awarding the relief plaintiff seeks.

20 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
21 preliminary injunctive relief, filed June 22, 2009, be DENIED.

22 These Findings and Recommendations will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
24 **days** after being served with these Findings and Recommendations, plaintiff may file written
25 objections with the court. The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
27 ///
28 ///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 24, 2009**                         **/s/ Gary S. Austin**
                                                                                         UNITED STATES MAGISTRATE JUDGE