# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. CALDERON, | CASE NO. 1:07-cv-01719-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 42, 44, 45, 47, 52, 53, 54) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

Plaintiff Juan C. Calderon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are seven motions filed by Plaintiff.

**I.    Plaintiff's Motions**

On May 7, 2009, Plaintiff filed a motion entitled "Motion to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009." (Doc. #42.)

On May 7, 2009, Plaintiff filed a motion entitled "New Motion to Reconsider the Appointment of Counsel to Serve Justice in this Complex Case with Exceptional & Extraordinary Circumstances and Law Cases in Support Thereof." (Doc. #44.)

On May 7, 2009, Plaintiff filed a motion entitled "New Motions For the Court to Reconsider: (1) Critical Injunctions to Protect Plaintiff's Claims and Federally Protected Rights: (2) The Appointment of Counsel to Serve Justice; and (3) To Serve Complaint/Summons to Known Defendants With Exceptional or Extraordinary Circumstances & Memorandum of Law In Support Thereof". (Doc. #45.)

On May 11, 2009, Plaintiff filed a motion entitled "Motion to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009." (Doc. #47.)

On June 22, 2009, Plaintiff filed a motion entitled "New and Cured Motion to Reconsider the Appointment of Counsel to Serve Justice in This Complex Atypical and Non-Ordinary Prison Case with Exceptional Extraordinary Circumstances and Cases of the Law in Support Thereof." (Doc. #52.)

On June 30, 2009, Plaintiff filed a motion entitled "Motion for Verification Clarification and Ratification of Defendants' Liability for the Deprivation of Plaintiff's Fundamental Constitutional Civil and Human Rights." (Doc. #53.)

On June 30, 2009, Plaintiff filed a motion entitled "New Cured Motions to Reconsider the Critical Injunctions and Appointment of Counsel with Memorandum of Law, Exceptional Extraordinary Circumstances and Cases of Law in Support Thereof." (Doc. #54.)

**II.     Discussion**

    **A.     Motions to Vacate April 27, 2009 Order**

Plaintiff's May 7, 2009 "Motion to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009" requests the Court to vacate an April 27, 2009 findings and recommendation, and "[r]ender a fair a reasonable decision on plaintiff's legal motion filed on April 22, 2009." (Mot. to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009 3:14-17, May 7, 2009.) Plaintiff has filed a similar motion again on May 11, 2009. The findings and recommendation of April 27, 2009 has already been vacated. (Docs. #37, 56.) The April 22, 2009 motion that Plaintiff refers to appears to be a motion for extension of time that already has been granted. (Docs. #38, 39.) Therefore, these motions are denied as moot.

    **B.     Motions for Reconsideration**

Plaintiff, through his various motions, moves for the Court to reconsider (1) his motion for appointment of counsel, (2) his motion for preliminary injunctive relief, and (3) Plaintiff's request to serve the complaint/summons on Defendants.

By Local Rule, applications for reconsideration must be accompanied by "an affidavit or brief . . . setting forth the material facts and circumstances surrounding each motion for which

2

reconsideration is sought." Local Rule 78-230(k). Specifically, an application for reconsideration must indicate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(3), (4).

### 1. Motions for Appointment of Counsel

Plaintiff has filed a total of four motions requesting the court to reconsider the appointment of counsel on Plaintiff's behalf. Plaintiff does not present any new facts or circumstances that did not exist during Plaintiff's first request for appointment of counsel. Nor does Plaintiff set forth any other grounds that exist to justify reconsideration. The Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted). Plaintiff strenuously claims that his claims are extraordinary and exceptional. However, upon review of the record, the Court finds that Plaintiff has failed to demonstrate that this case is extraordinary or exceptional enough to warrant requesting the voluntary assistance of counsel. Put simply, there is a vast number of prisoners who, like Plaintiff, are seeking counsel to represent them in civil rights actions. The Court has no power to force an unwilling attorney to represent Plaintiff. There are very few, if any, attorneys volunteering their services in cases like Plaintiff's. The Court has no reasonable means of procuring the voluntary assistance of counsel in every prisoner civil rights case. Therefore, Plaintiff's motions to reconsider the appointment of counsel are denied.

///

///

### 2. Motions for Reconsideration of Injunctions

Plaintiff has filed two motions requesting the Court to reconsider its denial of Plaintiff's motion for preliminary injunctive relief. Plaintiff provides no new facts or circumstances justifying the reconsideration of his motion for preliminary injunctive relief. Plaintiff's first motion for a preliminary injunction was dismissed because the Court had dismissed Plaintiff's complaint and there was no case or controversy before the Court. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Accordingly, Plaintiff's motion to reconsider the denial of his request for injunctive relief is denied.

### 3. Motion to Serve Complaint

Plaintiff moves for the Court to reconsider his request to serve Defendants with his complaint. The Court construes Plaintiff's motion as one for reconsideration of its screening order dismissing his complaint. Plaintiff provides no new facts or circumstances justifying reconsideration. Plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has the opportunity to file an amended complaint that cures the deficiencies identified by the Court. Plaintiff's motion for the Court to reconsider its screening of Plaintiff's complaint is denied.

### C. Motion for Verification/Clarification/Ratification

Plaintiff's June 30, 2009 "Motion for Verification Clarification and Ratification of Defendants' Liability for the Deprivation of Plaintiff's Fundamental Constitutional Civil and Human Rights" is unclear. Plaintiff "submits this instant motion for the adequate verification, clarification

4

and ratification of defendants' general liability under 42 U.S.C. §§ 1983, 1985(2)(3) and 1986 for the deprivation of plaintiff's rights." Plaintiff goes on to describe Defendants' misconduct. The Court is unable to discern what Plaintiff is requesting of the Court through this motion. Accordingly, Plaintiff's motion is denied.

### III.  Conclusion and Recommendation

The Court finds that Plaintiff's motions for the Court to vacate its prior findings and recommendation and rule on his motion for extension of time are moot. The Court finds that Plaintiff's motions for reconsideration have not presented any new or different facts or circumstances justifying reconsideration. Finally, the Court is unable to determine what relief Plaintiff is seeking in his "Motion for Verification Clarification and Ratification of Defendants' Liability. . . ."

Based on the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's May 7, 2009 "Motion to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009" is DENIED;

2. Plaintiff's May 7, 2009 "New Motion to Reconsider the Appointment of Counsel to Serve Justice in this Complex Case with Exceptional & Extraordinary Circumstances and Law Cases in Support Thereof" is DENIED;

3. Plaintiff's May 7, 2009 "New Motions For the Court to Reconsider: (1) Critical Injunctions to Protect Plaintiff's Claims and Federally Protected Rights: (2) The Appointment of Counsel to Serve Justice; and (3) To Serve Complaint/Summons to Known Defendants With Exceptional or Extraordinary Circumstances & Memorandum of Law In Support Thereof" is DENIED;

4. Plaintiff's May 11, 2009 "Motion to Clarify Legal Matters to the Court in Order to Vacate Order of April 27, 2009" is DENIED;

5. Plaintiff's June 22, 2009 "New and Cured Motion to Reconsider the Appointment of Counsel to Serve Justice in This Complex Atypical and Non-Ordinary Prison Case with Exceptional Extraordinary Circumstances and Cases of the Law in Support Thereof" is DENIED;

///

6. Plaintiff's June 30, 2009 "Motion for Verification Clarification and Ratification of Defendants' Liability for the Deprivation of Plaintiff's Fundamental Constitutional Civil and Human Rights" is DENIED; and

7. Plaintiff's June 30, 2009 "New Cured Motions to Reconsider the Critical Injunctions and Appointment of Counsel with Memorandum of Law, Exceptional Extraordinary Circumstances and Cases of Law in Support Thereof" is DENIED.

IT IS SO ORDERED.

**Dated:**   **September 24, 2009**           **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE