# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. CALDERON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01719-LJO-YNP PC<br><br>ORDER DENYING MOTIONS<br><br>(Doc. 57, 63) |

Plaintiff Juan C. Calderon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 15, 2009, Plaintiff filed a "New Cured Motions for: (1) Permission to File Third Amended Complaint in Spanish; (2) Appointment of Counsel; and (3) Injunctive Relief."[1]  (Doc. #57.)  On October 13, 2009 Plaintiff filed a "Motion for Clarification of Matters Before This Court Takes Further Action Against Plaintiff's Case." (Doc. #63.)

Plaintiff alleges that he has poor English language skills and is unfamiliar with the practice of law.  Plaintiff requests permission to file his Third Amended Complaint in Spanish.  The Court is unaware of any provisions of law that either prohibit or permit the filing of pleadings in languages other than English.  However, the Court notes that "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).  The

---

[1] Concurrent with this order, the Court has issued a Findings and Recommendations recommending denial of Plaintiff's request for injunctive relief.

1

Court is unaware of any statute authorizing the expenditure of public funds to translate non-English pleadings from indigent, incarcerated plaintiffs. The in forma pauperis statute does not authorize the expenditure of public funds for translating non-English pleadings. See 28 U.S.C. § 1915. The Court also notes that, thus far, Plaintiff has been able to submit reasonably understandable pleadings in English. Therefore, Plaintiff's motion for permission to file his Third Amended Complaint in Spanish is denied.

Alternatively, Plaintiff requests the Court to appoint counsel for him. To date, Plaintiff has filed three motions for the appointment of counsel and eight motions to reconsider the appointment of counsel. (Docs. #3, 25, 33, 34, 38, 41, 45, 46, 52, 54, 57.) Plaintiff is advised that the filing of 11 motions dealing with the appointment of counsel is harassing and causes unnecessary delay. Motions for reconsideration must be accompanied by "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3). Plaintiff is warned that any future motion for appointment of counsel or motion for reconsideration of appointment of counsel that is not accompanied by new or different facts or circumstances may result in Plaintiff being sanctioned under Federal Rule of Civil Procedure 11(c).

Plaintiff is again advised that the Court cannot require an attorney to represent him. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell, 935 F.2d at 1917 (citations omitted). Upon review of the record, the Court finds that Plaintiff has failed to demonstrate why this case is extraordinary or exceptional enough to warrant requesting the voluntary assistance of counsel. Therefore, Plaintiff's motion for appointment of counsel will be denied.

1      Plaintiff's "Motion for Clarification" requests that the Court consider the matters address in
2 Plaintiff's September 10, 2009 and September 20, 2009 motions before the Court takes any further
3 action in this case.  Plaintiff appears to be referring to his September 15, 2009 motion that is also
4 addressed in this order and in a Findings and Recommendations issued concurrently with this order,
5 as well as a motion for a 180-day extension of time to file a Third Amended Complaint. (Doc. #60.)
6 Plaintiff's motion for extension of time has already been granted. (Doc. #61.)  Thus, both orders
7 have been considered and ruled on by the Court.

8      Based on the foregoing, the Court HEREBY ORDERS that:

9      1. Plaintiff's motion requesting permission to file his Third Amended Complaint in
10 Spanish is DENIED; and
11      2. Plaintiff's motion requesting appointment of counsel is DENIED.
12      3. Plaintiff's October 13, 2009 "Motion for Clarification" is GRANTED–the Court has
13 informed Plaintiff of the disposition of both motions, as requested.

14      IT IS SO ORDERED.

15      Dated:    **October 16, 2009**         /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE