1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JUAN C. CALDERON,                          CASE NO. 1:07-cv-01719-LJO-YNP PC

10                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DENIAL OF
11       v.                                    PRELIMINARY INJUNCTION

12   JEANNE WOODFORD, et al.,                  (Doc. 57)

13                    Defendants.

14   _____/

15       Plaintiff Juan C. Calderon ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 15, 2009, Plaintiff

17   filed a "New Cured Motions for: (1) Permission to File Third Amended Complaint in Spanish; (2)

18   Appointment of Counsel; and (3) Injunctive Relief."[1]  (Doc. #57.)  Plaintiff requests the following

19   preliminary injunctive relief: (1) removal from the California prison system; (2) transfer to federal

20   custody or a Mexican prison system; and (3) independent federal investigation of Defendants'

21   actions.

22       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

23   so heavily favors the moving party that justice requires the court to intervene to secure the positions

24   until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

25   390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

26   a combination of probable success and the possibility of irreparable harm, or (2) that serious

27

28       [1]Concurrent with this Findings and Recommendations, the Court has issued an order denying Plaintiff's
     request to file his Third Amended Complaint in Spanish and Plaintiff's request for appointment of counsel.

questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).   Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id</u>.  "A federal court may issue an injunction <u>if</u> it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may <u>not</u> attempt to determine the rights of persons not before the court."   <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The Court dismissed Plaintiff's Second Amended Complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983.  Thus, at this point in time, there is no case or controversy before the Court, and the Court has no jurisdiction to issue any preliminary injunctions.  Until and unless the Court finds that plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.  Therefore, the Court recommends that Plaintiff's motion for preliminary injunctive relief be denied.

The Court notes that Plaintiff has filed five motions requesting similar preliminary injunctive relief. (Docs. #4, 26, 34, 51, 57.)  Plaintiff has filed eight motions requesting reconsideration of his requests for preliminary injunctive relief.  (Docs. #25, 32, 38, 41, 43, 45, 46, 54.)  Plaintiff is advised that the filing of 13 motions concerning his requests for preliminary injunctive relief is harassing and causes unnecessary delay.  Motions for reconsideration must be accompanied by "new or different

2

facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).  Plaintiff is warned that any future motion for preliminary injunctive relief or motion for reconsideration of preliminary injunctive relief that is not accompanied by new or different facts or circumstances may result in Plaintiff being sanctioned under Federal Rule of Civil Procedure 11(c).

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed September 15, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 16, 2009**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE